892 F.2d 1048
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard VANNEST, Plaintiff-Appellant,
v.
Chase RIVELAND, et al., Defendants-Appellees.
 No. 88-3678.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1989.*
Decided Dec. 15, 1989.
 
 Before JAMES R. BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vannest, a state prisoner, seeks damages, as well as injunctive and declaratory relief, pursuant to 42 USC § 1983, alleging that defendants acted improperly in various proceedings related to his sentencing and potential parole. These claims all necessitate a determination that Vannest's current incarceration is unconstitutional. The exclusive federal remedy for such a complaint is a writ of habeas corpus. Young v. Kenny, No. 88-3995, slip op at 12605, 12607-09 (9th Cir, Oct 11, 1989). See also Preiser v. Rodriguez, 411 US 475, 500 (1973); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F2d 675, 682 (9th Cir 1984). The district court thus properly treated Vannest's complaint as a petition for a writ of habeas corpus.
 
 
 3
 In order to prevail on such a petition, Vannest must first demonstrate that he has exhausted state remedies. Rose v. Lundy 455 US 509, 515-20 (1982). He failed to address this issue before the district court. It does not appear, however, that this pro se litigant was aware of his obligation to demonstrate exhaustion of state remedies in his section 1983 complaint. Consequently, the district court should grant Vannest leave to amend his complaint and, if possible, to present facts demonstrating exhaustion.
 
 
 4
 Should Vannest fail to demonstrate exhaustion of state remedies, his action should not be dismissed on these grounds. Absent other grounds for dismissal, Vannest's section 1983 claims should be stayed so that he may have an opportunity to pursue state remedies without running the risk that the statute of limitations may expire. See Young, slip op at 12612.
 
 
 5
 AFFIRMED IN PART and REVERSED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3